**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BOBBY SKARPA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION No. 1:13-cv-616 |
| v. | § | |
| | § | JUDGE RON CLARK |
| CAMERON INTERNATIONAL | § | |
| CORPORATION AND TRANSOCEAN | § | |
| DRILLING OFFSHORE DEEPWATER | § | |
| DRILLING, INC., | § | |
| | § | |
| *Defendant.* | § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Defendant Cameron International ("Cameron") opposes Plaintiff Bobby Skarpa's ("Skarpa") motion to remand this Jones Act case, arguing that Skarpa fraudulently pled the Jones Act claim because Skarpa cannot show that he spent at least 30% of his employment with Cameron on any vessel or any fleet of vessels controlled by Transocean.  (Dkt. # 13).  The Supreme Court has interpreted the Jones Act as a status-based form of recovery and has explicitly rejected Cameron's "snapshot" approach.  To establish seaman status, Skarpa need not prove that he spent at least 30% of his employment on a Transocean vessel or fleet of vessels; Skarpa may establish seaman status by satisfying the 30% requirement in regard to ***any*** one vessel or ***any*** fleet of vessels under common ownership or control.  The court concludes that Cameron has not shown that Skarpa has no possibility of establishing seaman status.  The motion to remand (Dkt. # 9) is GRANTED.

## BACKGROUND

Skarpa filed suit in state court, alleging claims under the Jones Act against his employer Cameron and claims under general maritime law against Transocean Drilling Offshore Deepwater Drilling, Inc. ("Transocean").[1]  (Dkt. #1-6).  Skarpa alleges that while employed by Cameron, he suffered an injury while working aboard the Transocean Deepwater Navigator NS-23 ("Vessel"), an offshore drilling vessel off the coast of Brazil.  (Dkt. # 1-6). Cameron removed this case from the 75th Judicial District Court of Liberty County, Texas.  (Dkt. # 1).  Skarpa filed a motion to remand, arguing that removal of a Jones Act suit is not proper.  (Dkt. # 9).

## LEGAL STANDARD

When faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.  *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

As a general rule, Jones Act cases are not removable.  *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995).  However, a defendant may remove a case that fraudulently asserts such a claim, and may pierce the pleadings to show fraudulently pled seaman status.  *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 356 (5th Cir. 1999).  The burden of proving that the allegations were fraudulently pled is on the defendant, and it is a heavy one—the removing party must show that there is no possibility that the plaintiff could establish a Jones Act cause of action.  *Burchett*, 48 F.3d at 176 (internal citations omitted).  The district court uses a "summary judgment-like procedure" in determining whether plaintiff's claims are fraudulently pled.  *Id.* "Accordingly, in determining whether a plaintiff's claims are baseless, the district court must

---

[1] Transocean has since been dismissed from the suit.  *See* Dkt. # 31.

resolve all disputed questions of fact and any ambiguities in the current controlling substantive law in favor of the plaintiff." *Id.*

The Jones Act authorizes an action by any seaman against his employer when the seaman is "injured in the course of employment." 46 U.S.C. § 30104. "The Jones Act, however, does not define the term 'seaman' and therefore leaves to the courts the determination of exactly which maritime workers are entitled to admiralty's special protection." *Chandris, Inc. v. Latsis*, 515 U.S. 345, 355 (1995). There is a two-part test for determining seaman status: (1) An "employee's duties must contribute to the function of the vessel or to the accomplishment of its mission;" (2) "a seaman must have a connection to a vessel in navigation . . . that is substantial in terms of both its duration and its nature." *Id.* at 368.

A seaman has a substantial connection to a vessel when the seaman spends at least "30 percent of his time in the service of a vessel." *Id.* at 371. A seaman can also meet this requirement by spending his time with an "identifiable fleet of vessels," meaning a finite group of vessels under common ownership or control. *Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 556 (1997).

Recovery under the Jones Act is "fundamentally status based." *Chandris*, 515 U.S. at 371. "In evaluating the employment-related connection of a maritime worker to a vessel in navigation, courts should not simply employ a 'snapshot' test for seaman status, inspecting only the situation as it exists at the instant injury; a more enduring relationship is contemplated in the jurisprudence." *Id.* at 363; *see also Atl. Sounding Co. v. Townsend*, 557 U.S. 404, 417 (2009) ("[The purpose of the Jones Act] was remedial, for the benefit and protection of seamen who are peculiarly the wards of admiralty. Its purpose was to enlarge that protection, not to narrow it.").

**ANALYSIS**

In the present case, the parties dispute only whether Skarpa can meet the 30% temporal requirement.  Cameron argues that Skarpa must show that he is a seaman due to service on Transocean vessels because Skarpa's injury occurred on a Transocean vessel.  *See* Def's Resp., at Dkt. # 13, p. 7.  The court disagrees.  Skarpa may establish seaman status by proving that he spent 30% or more of his time on ***any*** one vessel or ***any*** identifiable fleet of vessels.  *See Jenkins v. Aries Marine Corp.*, 554 F. Supp. 2d 635, 640-41 (E.D. La. 2008) ("[F]or an employee who works on multiple vessels, it must be shown that 30% or more of his time was spent on vessels under common ownership or control of ONE common entity [but not necessarily the employee's employer].") (emphasis in original); *see also Turner v. Nat'l Resp. Corp.*, No. 1:12-CV-64, 2012 WL 3990929, at *8 (E.D. Tex. Aug. 17, 2012) (holding that because plaintiff was assigned by his employer to work on several barges, all under the common ownership or control of a non-employer third party, plaintiff was capable of showing the existence of an identifiable group of vessels within the meaning of the Jones Act).

Skarpa alleges that he "is an American seaman and brings this action pursuant to Title 46 U.S.C. § 30104 (2006)" and that he was injured while working aboard the "Transocean Deepwater Navigator NS-23."  Pl. 2d Am. Compl., ¶¶ VI, VIII at Dkt. # 1-6. Skarpa also alleges that he was employed by Cameron at the time of the alleged injury. Pl. 2d Am. Compl., ¶ VIII.

Cameron incorporated by reference into its Response to Skarpa's Motion to Remand its summary judgment evidence.  This evidence shows that from the time Skarpa was hired until his injury is a period of 587 days, 359 of which he was at work.  *See* Ex. B to Def.'s MSJ, Dkt. # 11-2.  Cameron relies on this evidence to argue that because Skarpa worked only 26 days on

Transocean vessels, 9.12% of his total workdays, Skarpa cannot meet the 30% requirement.  *See* Def.'s MSJ, at p. 4-5.

However, that same evidence shows that Skarpa has a possibility of establishing seaman status.  The evidence lists various vessels that Skarpa worked on that each have the word "Stena" in their name.  *See* Ex. B. to Def.'s MSJ.  Under common conventions of vessel naming, it seems likely that the vessels named "Stena" are owned or controlled by one common entity.  *See also* Dkt. # 50, at p. 4.  If so, Skarpa would have spent more than 30% of his time on a fleet of vessels under common ownership or control.  Therefore, Cameron has not shown that Skarpa has no possibility of establishing seaman status. *See Holmes v. Atl. Sounding Co.*, 437 F3.d 441, 445 (5th Cir. 2006) ("The court may deny remand where, but only where, resolving all disputed facts and ambiguities in current substantive law in plaintiff's favor, the court determines that the plaintiff has no possibility of establishing a Jones Act claim on the merits.").

## CONCLUSION

IT IS THEREFORE ORDERED that this case is remanded to the 75th Judicial District Court of Liberty County, Texas, and Plaintiff's Motion to Remand (Dkt. # 9) is GRANTED.

So **ORDERED** and **SIGNED** this **8**   day of **December, 2014.**

_____
Ron Clark, United States District Judge